**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **ADRIAN D SHARPER** | **CIVIL ACTION** |
| VS | |
| **RAMCO – RIGHT AWAY MAINTENANCE COMPANY** | **NO. 22-560-BAJ-SDJ** |

## ORDER

Before the Court are two Motions to Appoint Counsel filed by *pro se* Plaintiff Adrian D. Sharper. The first motion was filed on August 16, 2022, and contains an application for appointment of counsel under Section 706(f) of the Civil Rights Act of 1964, 42 U.S.C. §2000e – 5(f)(1).[1] (R. Doc. 2). The second motion was filed December 6, 2022, and contains one handwritten page stating that Plaintiff is petitioning the Court for counsel. (R. Doc. 11). For the reasons discussed below, Plaintiff's Motions to Appoint Counsel are **DENIED**.

**I.     BACKGROUND**

On January 9, 2020, Plaintiff filed a Charge of Discrimination with the Louisiana Commission on Human Rights and the U.S. Equal Employment Opportunity Commission, alleging discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964. (R. Doc. 1-1). Specifically, Plaintiff alleges that, while working as the only Black employee at Right Away Maintenance Company, he experienced harassment, demotion, and termination because of his race. He alleges that his supervisor told him there were no Operator Foreman positions available for Plaintiff but then hired three white men for the same position. Plaintiff

---

[1] 42 U.S.C. §2000e – 5(f)(1) reads in part: Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security.

alleges that when he was promoted he was given less freedom than others in the same position and was ultimately demoted again. He also alleges that a new supervisor used racial slurs in reference to Plaintiff and reduced his hours until he was ultimately terminated. (R. Doc. 1-1 at 1-2).

The EEOC issued a Determination and Notice of Right to Sue on July 19, 2022. (R. Doc. 1-2). Plaintiff timely filed his Complaint on August 16, 2022, against Defendant RAMCO, alleging workplace discrimination on the basis of race. (R. Doc. 1 at 1). The first motion for appointment of counsel was filed at the same time as the Complaint. (R. Doc. 2).

## II.    LAW AND ANALYSIS

Title VII provides for the appointment of counsel and waiver of filing fees and costs "[u]pon application by the complainant and in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). There is no absolute right to appointed counsel under Title VII; the decision lies within the "considerable discretion" of the trial court. *Harris v. Sullivan*, 50 F.3d 1032, at *1 (5th Cir. 1995) (unpublished) (quoting *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990)). Generally, courts consider the following factors in determining whether to appoint counsel:

(1) The plaintiff's financial ability to retain counsel;

(2) The efforts taken by the plaintiff to retain counsel; and

(3) The probable success of the plaintiff's discrimination claims,

*Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990); *see also Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984); *Blackman v. Global Indus. Offshore, L.L.C.*, 228 Fed.Appx. 410, 411 (5th Cir. 2007) (unpublished). Some courts also consider a plaintiff's ability,

under the circumstances, to present the case without the assistance of counsel. *See, e.g., Poindexter v. F.B.I.*, 737 F.2d 1173, 1189 (D.C. Cir. 1984) (recognizing "the plaintiff's background and demonstrated skills suggest that appointment of counsel is unnecessary"). While these factors must all be considered, no one factor is conclusive. *Gonzales*, 907 F.2d at 580.

### A. Plaintiff's Financial Ability to Obtain Counsel

Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (R. Doc. 3) shows that Plaintiff is currently unemployed and receiving $1401 per month in Social Security Disability payments and has about $1534 in monthly expenses, $136 in bank accounts, and owns a car. (R. Doc. 3 at 2, 5). The Motion to Appoint Counsel shows Plaintiff had $16,793.49 in debt at the time of filing. (R. Doc. 2 at 3). These representations indicate that Plaintiff cannot afford to pay court fees, and this Court agreed, granting the Motion to Proceed *In Forma Pauperis*. (R. Doc. 4). Plaintiff's exemption from court fees indicates his inability to afford an attorney and weigh in Plaintiff's favor.

### B. Plaintiff's Efforts to Obtain Counsel

Before counsel may be appointed under Title VII, a claimant must make a reasonably diligent effort to secure counsel without the court's assistance. *Johnson v. Hertz Corp.*, 316 F.Supp. 961, 962 (S.D.Tex. 1970). While a plaintiff need not approach every attorney available to him, "a reasonably diligent attempt to secure counsel means, at a minimum, speaking to an attorney about the merits of the case and pursuing a contingent fee arrangement." *Weber v. Holiday Inn*, 42 F. Supp. 2d 693, 698 (E.D. Tex. 1999). Plaintiff indicates that he has not spoken with an attorney about handling this claim. (R. Doc. 2 at 6). This factor weighs against appointment of counsel.

### C.     Probable Success of Plaintiff's Claims

Finally, the Court turns to the probable success of Plaintiff's claims and his ability to present those claims without the assistance of counsel. If a plaintiff's claim appears frivolous, appointment should be refused. *Poindexter*, 737 F.2d at 1187. In his EEOC complaint, Plaintiff gives a succinct but descriptive explanation of the alleged discrimination against him. (R. Doc. 1-1 at 1-2). While the EEOC decided not to proceed with further investigation, it made no determination of the merits of Plaintiff's case. (R. Doc. 1-2 at 1). At the very least, the claims do not appear frivolous, but the EEOC determination does not weigh either way regarding appointment of counsel.

Plaintiff's description of the alleged incidents demonstrates an understanding of the issues at hand and his ability to present the issues clearly without appointed counsel. *See, e.g.*, *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1167 (5th Cir. 1990) (considering the plaintiff's "education and demonstrated ability to represent himself"); *Hudak v. Curators of Univ. Of Mo.*, 586 F.2d 105, 106 (8th Cir. 1978) ("[the plaintiff's] control over the details of the litigation thus far indicates that she is able to represent herself"). Plaintiff's Charge of Discrimination describes a specific timeline of events, actions by supervisors that he believed to be discriminatory, specific disparate treatment of white coworkers, and his former employer's proffered reason for Plaintiff's termination. (R. Doc. 1-1 at 1-2). Considering Plaintiff has adequately presented his case thus far, he does not appear to come within the standard established by Title VII and this Circuit.

The Court is aware, however, that Plaintiff is not an attorney, and to the extent Plaintiff asserts that he requires assistance of counsel, this is true of nearly every pro se litigant. For that reason, the Court advises Plaintiff that, as a pro se litigant representing himself in this matter, he will not be held to the same standards as a practicing attorney. *See, e.g.*, *Haines v. Kerner*, 404

U.S. 519, 520 (1972) (finding allegations in a pro se complaint are to be held "to less stringent standards than formal pleadings drafted by lawyers"); *SEC v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (recognizing the established rule that this court "must construe [a pro se plaintiff's] allegations and briefs more permissively") (citing *McCabe v. Arave*, 827 F.2d 634, 640 n.6 (9th Cir. 1987) ("courts are to make reasonable allowances for pro se litigants and to read pro se papers liberally")).

This Court is liberal in reviewing pro se pleadings and motions, giving pro se plaintiffs ample opportunity to amend if necessary, and granting generous extensions of time to comply with orders. Consequently, the Court's liberal construction of pro se pleadings and motions, together with Plaintiff's apparent ability to litigate this action pro se, convinces the Court that the appointment of counsel is not necessary at this time. *See Salmon*, 911 F.2d at 1166-67 (agreeing with the district court that "[a]lthough petitioner adequately demonstrated both his inability to retain counsel and his indigency, ... these findings alone did not merit appointment of counsel, given petitioner's education and demonstrated ability to represent himself.").

### III.     Conclusion

Because Plaintiff has not sought to obtain counsel without the assistance of the Court and for the other reasons above, **IT IS ORDERED** that the Motions to Appoint Counsel (R. Docs. 2 and 11) are **DENIED**.

Signed in Baton Rouge, Louisiana, on February 24, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**