UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ADRIAN D. SHARPER**                                           **CIVIL ACTION**

**VERSUS**                                                      **NO. 22-560-BAJ-SDJ**

**RIGHT AWAY
MAINTANENCE COMPANY**

---

## ORDER

Before the Court is Plaintiff's Motion for Leave (R. Doc. 23) to file an Amended Complaint (R. Doc. 24)[1] and his related Motion and Demand for Jury Trial (R. Doc. 29). In response to the Motion for Leave to Amend, Defendant filed a combined Opposition and alternative Motion to Strike (R. Doc. 27). Defendant also filed an Opposition (R. Doc. 36) to the Motion and Demand for Jury Trial (R. Doc. 29). Plaintiff then successfully sought leave to file a Reply Memorandum (R. Doc. 35). As explained below, the Court grants Plaintiff's Motions for Leave (R. Doc. 23) and Demand for Jury Trial (R. Doc. 29), and it denies Defendant's alternative Motion to Strike (R. Doc. 27).

Plaintiff began this litigation pro se on August 16, 2022, drafting and filing his original Complaint without the assistance of counsel. However, Plaintiff recently retained an attorney, who enrolled in May of 2023. The proposed Amended Complaint (R. Doc. 24), which was drafted by counsel, is largely intended to clean-up the original Complaint (R. Doc. 1). The allegations of race discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII), *see* 42 U.S.C.

---

[1] Plaintiff filed the instant Motion for Leave (R. Doc. 23) and proposed Amended Complaint (R. Doc. 24) on June 12, 2023. Because the deadline for amended pleadings was June 15, 2023 (R. Doc. 19), Plaintiff timely sought leave to amend.

§§ 2000e-2(a)(1) (disparate treatment and hostile work environment), remain unchanged. Plaintiff does, however, include a jury demand (R. Doc. 24 at 9) for the first time. *See* Fed. R. Civ. P. 38 (jury demand).

While the proposed amendment seemed innocuous, Plaintiff's Motion for Leave indicated that Defendant opposed the filing. And so, the Court issued an Order setting an expedited response deadline. (R. Doc. 26) (response due within 7 days). That same Order reminded the parties of the "heavy bias" in favor of granting leave to amend under Rule 15(a)(2). Defendant then filed a combined Opposition (R. Doc. 27) and alternative Motion to Strike (R. Doc. 27-1).

Defendant objects to the proposed Amended Complaint (R. Doc. 24) because it: (1) includes an untimely jury demand; and (2) now spells out the racial epithet allegedly directed at Plaintiff by his supervisor. Defendant considers the inclusion of this racial epithet to be "scandalous," "prejudicial," and "unnecessary." *Compare* (R. Doc. 1-1 at 2) (On "September 5, 2019 . . . Mr. Adams referred to me as a "stupid f***ing n***er."), *with* (R. Doc. 24 at ¶ 19) ("On September 5, 2019, Jason Adams called Plaintiff, 'A stupid fucking nigger.'"). After reviewing Defendant's response, Plaintiff filed a precautionary Motion and Demand for Jury Trial (R. Doc. 29), which the Court considers in conjunction with the jury demand included in the Motion for Leave (R. Doc. 23) and Amended Complaint (R. Doc. 24). The Court now resolves both issues in Plaintiff's favor, as explained below.

    **A.**    **Demand for Jury Trial**

In asking the Court to deny leave or otherwise strike Plaintiff's jury demand, *see* Fed. R. Civ. P. 15(a)(2) (leave to amend) and Fed. R. Civ. P. 12(f) (striking pleadings), Defendant focuses entirely on the time limits found in Rule 38 of the Federal Rules of Civil Procedure. Indeed, Rule 38 requires a party seeking a jury trial to serve "the other parties with a written demand—which

may be included in a pleading—no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b)(1). Generally, the answer is considered 'the last pleading' under Rule 38(b). *See, e.g., In re Tex. Gen. Petroleum Corp.*, 52 F.3d 1330, 1339 (5th Cir. 1995). However, "[a]n amended or supplemental pleading that raises new issues enables a party to request a jury trial for those issues in the manner established by Rule 38(b)(1)." *Fredieu v. Rowan Cos.*, 738 F.2d 651, 653 (5th Cir. 1984) (The new matters "must relate to new issues of fact and not to new theories of recovery.").

Here, Defendant served its Answer (R. Doc. 8) on October 12, 2022, and the proposed Amended Complaint (R. Doc. 24) is not based on new issues of fact. In other words, Plaintiff's jury demand — first made in the proposed Amended Complaint and reiterated in his Demand for Jury Trial — is untimely. *See Kaiser Steel Corp. v. Frates*, 911 F.2d 380, 388 (10th Cir. 1990) ("Amended and supplemental pleadings do not 'revive a right, previously waived, to demand jury trial on the issues already framed by the original pleadings.'"). But Plaintiff's "fail[ure] to comply with the time requirements of Rule 38 does not end our inquiry." *Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1064 (5th Cir. 1990).

Rule 39(b) "grants the district court discretion to relieve a party from waiver of a jury trial under Rule 38."[2] *Daniel Int'l Corp.*, 916 F.2d at 1064. When the court's discretion is invoked, it

---

[2] Here, Plaintiff did not originally file a motion under Rule 39(b). Instead, he first included a jury demand in his proposed Amended Complaint on June 12, 2023. (R. Doc. 24). He later filed a formal Motion and Demand for Jury Trial (R. Doc. 29) on June 27, 2023. Nonetheless, the Court may exercise its discretion to treat the jury request in the Amended Complaint as a formal motion and demand for a jury trial. *See Swofford v. B & W, Inc.*, 336 F.2d 406, 409 (5th Cir. 1964) (holding that it was not reversible error for a district court to consider an untimely jury demand under Rule 39(b) notwithstanding the absence of a formal motion); *Marlow LLC v. BellSouth Telecommunications, Inc.*, 2012 WL 5342518, at *2-3 (S.D. Miss. Oct. 29, 2012) (treating untimely demand for jury trial in amended complaint as a motion for jury trial under Rule 39(d)). The Court will exercise this discretion here. Therefore, in deciding whether to relieve Plaintiff of his initial waiver under Rule 38, the Court will treat June 12, 2023 — the date of the proposed Amended Complaint — as the date Plaintiff first demanded a jury trial. In resolving this issue, however, the Court still considers all relevant briefing on the issue (R. Docs. 23, 24, 27, 29, 35, 36) — not just the Motion for Leave to Amend (R. Docs. 23, 24) and Opposition (R. Doc. 27).

"should grant a jury trial in the absence of strong and compelling reasons to the contrary," *Daniel Int'l Corp.*, 916 F.2d at 1064, considering the following factors:

> (1) whether the case involves issues best tried by a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party; (3) the degree of prejudice to the adverse party; (4) the length of the delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial.

*Ozene v. Lab. Corp. of Am.*, 2009 WL 2185452, at *1 (S.D. Miss. July 17, 2009). Here, the majority of these factors weigh in Plaintiff's favor.

First, because Plaintiff is seeking compensatory and punitive damages under Title VII (R. Doc. 24 at 8), he may demand a jury trial. *See* 42 U.S.C. § 1981a(c) (jury trial where plaintiff alleging intentional discrimination seeks compensatory and punitive damages); *David v. Signal Int'l, LLC*, 37 F. Supp. 3d 814, 821 (E.D. La. 2013) ("Section 1981a(c) expressly grants both plaintiff and defendant the right to demand a jury trial when compensatory and punitive damages are sought in intentional discrimination claims under Title VII."). Second, the use of a jury at trial will not impact the trial date[3] or the parties' consent to proceed before the Magistrate Judge.[4] *See Marlow LLC v. BellSouth Telecommunications, Inc.*, 2012 WL 5342518, at *3 (S.D. Miss. Oct. 29, 2012) ("this matter can be tried by a jury on January 15, 2013, without disruption of the Court's

---

[3] In their Opposition to the Motion and Demand for Jury Trial, Defendant makes much of the fact that this case had already been set for trial when Plaintiff first made his jury demand. (R. Doc. 36 at 5-6). But the trial date was set less than a month before Plaintiff first demanded a jury trial. (R. Doc. 19) (Scheduling Order entered on May 19, 2023); (R. Docs. 23, 24) (proposed Amended Complaint filed on June 12, 2023). What's more, the trial is still nearly a year away. (R. Doc. 19) (trial set for June 24, 2024).

[4] A good part of Defendant's objection to the jury demand is based on the parties' consent to proceed before the Magistrate Judge. (R. Doc. 27 at 4-6). In other words, it appears from the Opposition to the Motion for Leave (R. Doc. 27) that Defendant erroneously believes that a magistrate judge may only conduct bench trials in civil cases. (R. Doc. 27 at 4-6) (arguing jury demand should be struck as Plaintiff has not moved under Rule 73(b)(3) to vacate referral to Magistrate Judge). While Defendant seems to back off of this position in later filings, (R. Doc. 36), the Court makes clear that "a magistrate judge may, if all parties consent, conduct a civil action or proceeding, including a jury or nonjury trial." Fed. R. Civ. P. 73(a); *see also* 28 U.S.C. § 636(c)(1). This case was only referred after the parties gave their consent to proceed before the Magistrate Judge. And because magistrate judges may clearly conduct jury trials in civil actions, this argument is unavailing. Nonetheless, nothing prevents either party from moving to vacate the referral made by the district judge, in light of this case now proceeding as a jury trial. *See* Fed. R. Civ. P. 73(b)(3).

schedule"); *Desoto Grp., LLC v. Linetec Servs., LLC*, 2022 WL 20056935, at *2 (S.D. Miss. July 18, 2022) ("this matter can be tried by a jury, on April 3, 2023, which is the same date that the non-jury trial is currently scheduled to begin"); 28 U.S.C. § 636(c)(1) ("Upon the consent of the parties," a magistrate judge "may conduct any or all proceedings in a *jury or nonjury civil matter* and order the entry of judgment in the case." (emphasis added)).

Next, Defendant has not shown any prejudice that will result from a jury trial, or even Plaintiff's delay in requesting a jury trial. Instead, Defendant focuses on a mere technicality — Plaintiff's untimeliness — without establishing any negative impact. This is not enough, especially given the Court's very recent entry of a Scheduling Order and the fact that discovery is in its infancy. *See Desoto Grp., LLC*, LLC, 2022 WL 20056935, at *2 ("Linetec will not be unduly prejudiced by a jury trial, as it [was] on notice of Plaintiff's request . . . merely one month after this Court entered the Case Management Order that governs this matter. [And] Plaintiff's request for a jury trial was filed before the parties engaged in substantial discovery within the Court's deadline to amend pleadings."). Finally, Plaintiff's failure to request a jury trial until his Amended Complaint was clearly a result of his initially proceeding without counsel. Once Plaintiff enlisted counsel, his attorney quickly filed the instant Motion for Leave to Amend within the deadline for amendments.

And so, pursuant to Rule 39(b), which grants the Court discretion to relieve a party from waiver of a jury trial under Rule 38, the Court will permit Plaintiff's jury demand, and this case will be tried before a jury. The Court therefore **GRANTS** Plaintiff's Motion for Leave (R. Doc. 23) and Demand for Jury Trial (R. Doc. 29). Consistently, the Court also **DENIES** Defendant's alternative Motion to Strike (R. Doc. 27), to the extent Defendant seeks an order striking the jury demand made in Plaintiff's Amended Complaint (R. Doc. 24 at 9).

**B.    Racial Epithet**

Defendant raises an additional argument in its response to Plaintiff's Motion for Leave to Amend. (R. Doc. 27) Specifically, Defendant claims:

> RAMCO asserts that Plaintiff's allegations contained in Paragraph 19 of the Amended Complaint, using the fully spelled out "n-word" are scandalous, are highly and unduly prejudicial and defamatory to Defendant and its business reputation, and should be stricken or redacted from the pleading.
>
> The Plaintiff's use of this word is unnecessary, and the allegation could be sufficiently plead by redacting this word so that it does not appear in its full form or by simply redacting the allegation to allege that a racial slur was used.

(R. Doc. 27 at 6). Based on this argument, Defendant opposes leave to allow the entire Amended Complaint under Rule 15(a)(2), and alternatively moves under Rule 12(f) to strike the racial epithet or the majority of the allegation found in paragraph 19 of the proposed Amended Complaint. As explained below, Defendant's position is not well taken.

Rule 15(a)(2),[5] evinces a "heavy bias" in favor of granting leave to amend. *Pickney v. Mid-State Mktg., LLC*, 318 F.R.D. 330, 331 (W.D. La. 2016). And "[u]nless there is a substantial reason, such as undue delay, bad faith, dilatory motive, or undue prejudice to the opposing party, the discretion of the district court is not broad enough to permit denial." *Id.* Under Rule 12(f), "a court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Indeed, striking allegations from a pleading is a drastic remedy to be resorted to

---

[5] Rule 15(a)(1) allows a plaintiff to amend the complaint once, as a matter of course, "within 21 days of serving it," or within 21 days of a responsive pleading or motion under Rule 12(b), (e) or (f). When that period has ended, a party may "amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "But that ability may be further limited by the court's scheduling order if it sets a deadline for amended pleadings." *McCarty v. Dunbar*, 2020 WL 4495467, at *1 (M.D. La. Aug. 4, 2020).

Here, the first responsive pleading was served on October 12, 2022 (R. Doc. 8), meaning Plaintiff's ability to amend as a matter of course ended on November 2, 2022. *See Bank of Am. v. TemPay LLC*, 2019 WL 9359721, at *8 (W.D.N.Y. Nov. 7, 2019) ("21-day period runs from the first defense response"). After that, Plaintiff could only amend the Complaint with the opposing parties' consent or leave of Court. Moreover, any amendment must have been made or sought by June 15, 2023 — the deadline set by the Court's Scheduling Order. (R. Doc. 19 at 1). Therefore, Rule 15(a)(2) applies to Plaintiff's Motion for Leave to Amend (R. Docs. 23, 24), which was timely filed on June 12, 2023 — after the period for amending as a matter of course, but before the Scheduling Order's June 15, 2023 deadline.

only when the stricken allegations have "no possible relation to the controversy." *Augustus v. Board of Public Instruction*, 306 F.2d 862, 868 (5th Cir. 1962); *see also* Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1380 (3d ed. 2020) (Motions to strike under Rule 12(f) are heavily disfavored and "often [] sought by the movant simply as a dilatory or harrassing tactic.").[6]

At the outset of its analysis, the Court must make one thing clear — both Rule 15(a)(2) (motion for leave to amend) and Rule 12(f) (motion to strike) require the Court to consider the challenged and well-pleaded allegation as true.[7] Therefore, in deciding whether to permit amendment of the Complaint, the Court must accept the challenged allegation as true:

"On September 5, 2019, Jason Adams called Plaintiff, 'A stupid fucking nigger.'"

(R. Doc. 24 at ¶ 19).

Defendant asks the Court to deny leave altogether or otherwise strike this allegation as "scandalous," "unduly prejudicial" and "unnecessary." (R. Doc. 27 at 6). Scandalous allegations "*improperly* cast derogatory light on someone, most typically on a party to the action." *Boltex Mfg. Co., L.P. v. Ulma Forja, S. Coop*, 2018 WL 6622839, at *1 (S.D. Tex. Nov. 28, 2018) (emphasis added). But "it is not enough that the matter offends the sensibilities of the objecting party if the challenged allegations describe acts or events that are relevant to the action." *Boltex Mfg. Co.,*

---

[6] While the Court discusses the legal standard under Rule 12(f), it really considers the arguments raised in Defendant's Motion to Strike as additional arguments further opposing leave to amend under Rule 15(a)(2). The Court does this because it cannot strike part of a *proposed* amended pleading. In other words, Rule 12(f) would only become relevant after leave to amend were granted and the amendment were made the operative pleading.

[7] *See Chilcoat v. San Juan Cnty.*, 41 F.4th 1196, 1218 (10th Cir. 2022) (in considering leave to amend under Rule 15(a)(2), court must "accept as true the well-pleaded factual allegations in the amended complaint and consider them in the light most favorable to [plaintiff]."); *Hicks v. Netflix, Inc.*, 2020 WL 2463380, at *4 (C.D. Cal. Mar. 19, 2020) ("When ruling on a motion to strike, the court accepts the challenged allegations as true and must liberally construe those allegations in the light most favorable to the non-moving pleader.").

*L.P.*, 2018 WL 6622839, at *1 (quoting Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 1382 (3d ed. 1998)).

Here, Plaintiff claims that Defendant violated Title VII by terminating his employment and subjecting him to a hostile work environment because of his race (African American). The Fifth Circuit has held that a "[single] incident" of a supervisor calling an employee the N-word could and did create a hostile work environment in violation of Title VII. *See Woods v. Cantrell*, 29 F.4th 284, 285 (5th Cir. 2022) (describing the racial epithet as "a term that sums up . . . all the bitter years of insult and struggle in America, [a] pure anathema to African-Americans, [and] probably the most offensive word in English."). That is exactly why the allegation contained in Paragraph 19 is critical to this litigation.

The actual words said to Plaintiff "are *material*" to both his claim for disparate treatment and harassment. *Barrow v. Church*, 2016 WL 2619754, at *4 (S.D. Ohio May 5, 2016) ("Plaintiff should have pled the actual racial epithet used by Mr. Daugherty *because it is material*.") (emphasis added); *see Brown v. E. Mississippi Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993) ("[T]he term 'nigger' is a universally recognized opprobrium, stigmatizing African–Americans because of their race. That Pippen usually was circumspect in using the term in the presence of African–Americans underscores that he knew it was insulting. Nonetheless, he persisted in demeaning African–Americans by using it among whites. This is racism."); *Brewer v. Muscle Shoals Bd. of Educ.*, 790 F.2d 1515 (11th Cir. 1986) (school superintendent's comment that he did not want to appoint plaintiff to an administrative position because he did not want to see the school system "nigger-rigged" is direct evidence of discriminatory animus).

This Court is ultimately charged with finding the truth. And that task cannot be accomplished by censoring Plaintiff's Complaint. *See* Randall Kennedy & Eugene Volokh, The

New Taboo: Quoting Epithets in the Classroom and Beyond, 49 Cap. U. L. Rev. 1, 35 (2021) ("The legal system recognizes that conveying to jurors precisely what was said-- even when it is extremely offensive, and when the statements being quoted were originally said in an environment of hatred and violence--is often important to the jurors' fully grasping what had happened. Indeed, it is precisely the association of epithets with horrific acts that makes it important that jurors (and judges) be able to hear what actually happened."); *Doe v. Wozniak*, 2009 WL 10715510, at *3 (M.D. Pa. Mar. 3, 2009) (denying motion to strike offensive language used by police officer in civil rights litigation; "To carry out a full analysis of this case, Defendants Wozniak's and Evans' treatment of Plaintiff is at issue and this includes the officers' language and tone.").

And of course the challenged allegation is 'prejudicial' (in the legal sense) to Defendant. *United States v. Bowen*, 2019 WL 3238469, at *3 (D. Ariz. July 18, 2019) ("Defendant's argument is unavailing. It is undisputed that the admission at trial of Defendant's racial slurs is prejudicial to the Defendant. But any evidence that tends to prove the government's case is by its very nature prejudicial."). But nothing about Paragraph 19 is "unduly prejudicial," as Defendant claims. For the reasons given above,

**IT IS ORDERED** that Plaintiff's Motion for Leave (R. Doc. 23) to file an Amended Complaint (R. Doc. 24) and Motion for Jury Demand (R. Doc. 29) are both **GRANTED**. Plaintiff's amended Complaint, which includes her jury demand, is already found in the record (R. Doc. 24). Moreover, Defendant's alternative Motion to Strike (R. Doc. 27) is **DENIED**.

Signed in Baton Rouge, Louisiana, on July 26, 2023.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**